Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Western District of Pennsylvania

_____ Division

Case No. <u>3:25 - cv - 272</u>

*(to be filled in by the Clerk's Office)*

<u>Joseph J. O'Boyle, Jr.</u>

Plaintiff(s)

*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

<u>Unit Manager Gurtee</u>

Defendant(s)

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

RECEIVED

AUG 2 5 2025

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                                    Joseph J. O'Boyle, Jr.

All other names by which
you have been known:                    Joey Cicceo

ID Number                               CA0563

Current Institution                     S.C.I. Houtzdale

Address                                 208 Institution Drive

                                        Houtzdale            PA.         16698-1000
                                        City              State           Zip Code

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name                                    D. Ginter

Job or Title *(if known)*               Unit Manager

Shield Number

Employer                                S.C.I. Houtzdale DOC

Address                                 209 Institution Drive /

                                        Houtzdale            PA         16698-1000
                                        City              State          Zip Code

                                        ☒ Individual capacity     ☒ Official capacity

Defendant No. 2

Name                                    CO Hutchco

Job or Title *(if known)*               Correctional Officer

Shield Number

Employer                                209 Institution Drive

Address

                                        Houtzdale            PA         16698-1000
                                        City              State          Zip Code

                                        ☒ Individual capacity     ☒ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name                                    _Sgt  McCoy_

Job or Title *(if known)*

Shield Number

Employer                                _J. C. I Houtzdale  DOC_

Address                                 _209  Institution Drive_

_Houtzdale_       _PA_       _16698-1000_
City              State      Zip Code

☒ Individual capacity    ☒ Official capacity

Defendant No. 4

Name                                    _Co  Medric_

Job or Title *(if known)*               _Correctional  officer_

Shield Number

Employer                                _SCI  Houtzdale  Doc_

Address                                 _209  Institutional Drive_

_Houtzdale_       _PA_       _16698-1000_
City              State      Zip Code

☒ Individual capacity    ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1st  Amendment

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Unit Manager Ginter denied CPS Assistance, Retaliated Against me For PREA oof Mandatory Report, Failed to Act After Knowingly.

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.


B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

Events Occured As Follows At All Times In Classifications As A Serious Mentally Ill Inmate Who was hired And Maintained As a CPS For His Good Displayed Mental health Adjustment And Good Work Reports over 10 Year Period Until this Incident Placed Plaintiff In emotionnal And Mental health dispaie during Following Order For Minor Violation. In Orchastrated Retalitory Intentional Campaign

Statement of Claims

1 On 3-24-25 Plaintiff O'Boyle A Certified Peer Specialist (CPS) Informed UM Ginter Of A Assigned Peer Whom he Reasonably believed To be endangered of Sexual Abuse And/or harrassment based on Information Related To him Confidentially by TRANSGENDER INMATE Kenneth Simmons who was housed in 56 Cell of F-Unit.

2 UM Ginter erupted Angerly And Threatengly exclaiming he was the Boss And That he was Sick of Plaintiff's Phoney CPS Bullshit. He Farther, Accused O'Boyle In Front of Many Witnesses of Engageing in A 5 year Sexual Relationship with Simmons And Reminded O'Boyle That he had Kicked him off I Block And he would do the Same Again.
(A)
Please See exhibit Declaratory Statement of Damel Tucker declaratory Statement of one of many witnesses

3 O'Boyle Intially Upset Removed himself And Instead of Further disagreement Attempted To Finish his Report In WRiteing And Submitted the Attached Official 135A Action Plan For Simmons

4 UM Ginter Responded In WRitten Form ON DC 135A Attempting to Place Restrictions on Further Confidential Communications with Simmons Totally disregarding DC ADm 13.6.1 Policy Requirements Section 15 Access to Mental Health Care Regarding CPS Peer Interaction. See exhibit B

5 On 3-29-25 I was issued A Misconduct For A Minor Violation of # 43 UNAUTHORIZED AREA FOR GOING UPSTAIRS TO 56 cell While Bottom Tier Status. 56 Cell was occupied by Kenneth Simmons. _See exhibit C._

6 On 4-3-25 A Informal hearing was held by UM Ginter, Counselor Pepe, And Counselor Longhi. Where oral testimony was presented And A Guilty Plea Accepted

7 Without Any Factual Allegation of Job Performance Alleged UM Without Consultation Immediately Sentenced Plaintiff to "Loss of CP5 JOB"

8 When O'Boyle protested Stateing The HANDBOOK Prohibits Loss of Any Job unless The Alleged Violation Involved Actual Job Performance.

9 UM Ginter Stated "IF you don't like It you Can Take your Chances At A Formal hearing" I Did. _See Exhibit D_  F239202 Inmate Version

10 On 4-7-25 A Formal hearing was held by HEX F. NUNEZ And The Misconduct was DWOP

11 On 4-10-25 The Misconduct was Rewritten Ommitting A Statement "Refused Loss of CP5 JOB" Made Sometime between INFormal hearing And Formal hearing And Added when Inappropriate For Factual Allegations. See exhibit H

12  Formal hearing on Rewritten Version F239211 was
held by Same HEX F. NUNEZ who was exposed to
Version F239202 which Resulted in OWOP with
Added Statement "Refused Loss of CPS JOB"
Ommitted. On 4-14-25 .

13
Plaintiff Submitted Inmate Version of F239211
And F239202 written Inmate Version of Previous
hearing. And entered A Guilty Plea with
Written And Oral explanation. See exhibits E

14
The Submitted Oral Version was Given To Attending
Security Officer but had Not yet been Given To
Video Conference HEX Nunez who Previously
DWOP At original hearing

15
Without Consideration Of Inmate Version HEX
Immediately Sentenced O'Boyle To Loss Of JOB
And 30Days Cell Restriction.

16
O'Boyle Returned To F-Block where UM Ginter
was waiting For him And UM Ginter held
Another Informal hearing For O'Boyle Not
Securing his door while emptying his Garbage
Can. UM Ginter Violated Policy Again holding
A hearing without Another Unit Team Member
Present But Appealant was too exasberated to
Care. UM Ginter Sanctioned O'Boyle To 14
Days More Cell Restriction Consecutive. O'Boyle
Immediately verbally Requested CPS help. UM
Ginter Refused.

17  Plaintiff Filed First Level Appeal To PRC Without Requested CPS Assistance

18  The Issues Claimed were All based on OCADM 801 And 804 Policy As Stated IN only Available Policy IN 2023 Edition of Inmate Handbook. They Stated That
   A) At Formal hearing loss of Job only Likely For Charges 1-33 while Appealant only Charged With #43
   B) That Informal Sanction only If Job Performance Alleged. It was Not

   C) Motivation For Going Upstairs was Mistaken Belief That 3-19-25 Test that Resulted IN Removal Of Bottom Tier Status was or Should have Been Communicated By 3-29-25 #43 Violation, Guilt was Addmitted As Mistake And good work Reports And Discplanary Record Should have been Considered As Submitted IN Inmate Version"
   See Exhibit Level 1 Appeal    Exhibit F

19  Level One Appeal was Rejected 4-15-25 With Participation of UM Ginter As Member of PRC Who denied Appeal, who gave Original Impermissible Informal Sanction For Non-Job Related Violation. And who Included Statement "Refused Loss Of CPS Job" A DWOP 4-7-25 hearing.
   See exhibit G    Note UM Ginter PRC member

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.   What date and approximate time did the events giving rise to your claim(s) occur?

The claimed EVENTS began 3-24-25 with my MANDATORY PREA ENDANGERMENT Report Continued with Retaliatory IMPERMISSIBLE SANCTION OF CPS JOB Removal, INTERFERENCE Actively with FORMAL MISCONDUCT PRC LEVEL ONE APPEAL CONTINUING Through denial OF 1st Amendment Right To CPS ASSISTANCE And Relative Policy document, Expert ASSISTANCE Court Access  Continuing Retaliation up UNTIL THIS Very day

D.   What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?) UM Ginter took my CPS Job For Past PREJUDICIAL Discriminatory FALSE Allegations outlined IN DANIEL Tuckers Statement And witnessed by others beginning 3-24-25, By UM Ginters PERSONAL DIRECTION OF AND Actions by Co.Hotchco, SGt, McCoy, And CO MEDIT Repeatly violated by Rights IN their Individual And Official Capacity Denying Disabled SMI INMATE NECESSARY Appeal ASSISTANCE And GRIEVANCE Review Resulting GRIEVANCE Rejections To EXCLUDE And Not Address And Coverup ACTIONS TAKEN That FORCED PLAINTIFF NOT TO Request Required Relief And SUFFER ADVERSE ACTION OF LOSS OF JOB AND  Restriction OF ANY MEaning Full Access To Policy, ASSISTANCE, OR Content Review

V.   Injuries  OF GRIEVANCES And Appeals IS 008, 801, AND 804 DCC APM PROCEEDINGS

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.  Punitive DAMAges OF $5000 For each Retaliory Action OF UM Ginter OF CPS ASSISTANCE $25,000 For First Level Appeal PRC Knowing Retaliory Dismissal of Appeal where CPS ASSISTANCE was Requested And he Knowing GAVE IMPERMISSIBLE Job Removal Sanction That INITIated FORMAL JOB Removal At his Knowing INTENTIAL Denial AT PRC hearing OF 4-15-25 Then. Another 25,000. For his INITIAL 1142902 INITIAL INVESTIGATION GRIEVANCE Decision to uphold As FRIVOLOUS My Right As Stated OF CPS ASSISTANCE That Resulted IN FURTHER ASSISTANCE denials by Subordinated OFFICERS Medrie, Hotchco, And SGl.McCoy. IN All OF Their OFFICIAL And Individual Capacities. And Another $75,000 Dollars For UM Ginters Collars, Retaliory, MAlicious Campaign of harrassment Denying And Directing Knowingly And Intentionally OFFICER Under his Control To deny Me Access to Petition And Address GRIEVANCE And Due Process And Equal Protection Under the law For his DISCRIATORY INSPIRED Retaliation ORIGINATING With his PREJUDICIAL ACCUSATIONS OF A Sexual Relationship Between Me And Page 5 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.  Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

*SCI Houtzdale*

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

*PREA Report of CO LANCASTE 6-10-25 Request Amendment if determined As Necessary Outstanding Awaiting Finalization*

*Grievance 1156754, 1158503, 1151722, 1146164, 1149688 008 issues All Referring to Separate Non-801 or 804 Retaliatory issues*

If yes, which claim(s)? *All But 008 Claims of Equal Protection PREA Claims of Harrassment Mandatory CPS Reports to Authorities*

Relief

26. Plaintiffs claim is that UM Ginter Initially Chose A Sanction he Knowingly was Aware was Impermissiable without A Factual Allegation of Job Performance. That 3 days Prior to Misconduct Issue UM Ginter Threatened Plaintiff with Removal From Unit because of Alleged Unsubstanciated Sexual Relationship. That The Subject of this Relationship Lived In 56 Cell. The Place of Alleged Violation. That 3 days Prior O'Boyle HAd Attempted to Report A Endangerment Allegation Confidentially Related To him by Inmate Simmons of 56 Cell, And That On 3-26-25 Instead of Responding to 135A Action Plan Request by Plaintiff For Simmons he Completely Ignored O'Boyle's Protected Activity of Reporting A Mandatory Communicated PREA Allegation. In Fact he (Unit Manager Ginter) Completely Ignores That Action Plan And Instead Attempts To Supress Further Communications Which Are Protected by O'Boyle's State Certification As CPS And Also DC ADM 13.8.1 Access to Mental health Care Not To Mention his First Amendment Rights.

21  Initially on 4-14-25 And Repeatedly Throughout
the entire Appeal Processing Filing Concluding on
5-6-25 when Final Appeal In Accordance with All
Available Policy exled on Filing of Final Appeal
5-6-25

22  O'Boyle was Forced To Proceed Without Access
To Complete 804 And 801 policy only Available
In Library O'Boyle Repeadly Attempted To Access.
Further, CPS Assistance was Repeatly denied
begining on 4-14-25 And Causing Subtonive
Issues To be denied In Grievances 1143219,
1144133, 1144140 which outlined Important Issues
That otherwise May have prevented Further Mistakes
of Actionable Objections Made by SMI Plaintiff
Refered CPS Assistance In Upheld Grievance
1142902 Showing original Verbal Request of
Plaintiff For CPS Assistance Made Prior To Appeal
At First Level Finding 4-14-25 And originally
Refused by UM Ginter And Then by OFFicets under
his Control Hutchco, McCoy. And Medzie Repeatly
As outlined on dates And times In Available
Grievance Refusals Included in this Action,

23  O'Boyle was Forced to use only A 2023 Inmate
handbook For Policy which was deficient because
it does Not Require or Inform Inmates to
Request All Available Relief IN Initial Filing

As is Required in exhaustion Requirement And
Only Avalable in 804 Proceedural Manuel
Only Accessable At Library which was Intenonally
Restricted. Plaintiff was Therefore Not Given Notice
That Relief Not Stated in Initial Grivance
would Not Be Addressed. And Therefore Plaintiff
Not Aware of Requirement At Time Of Initial
Filing Ontil library Access Granted After
Entire Appeal Process had been Completed on
5-6-25.

24 And The 801 Notice That At A Formal Misconduct
hearing For A Class one Misconduct Any Job
Can Be Removed For A Guilty Finding of A Class
One Misconduct. This is Also Not Included in
The Inmate handbook And is Only Avalabla in
Library which was Intentionally And Retalitorily
Repeatdly Forbidden.

25 Without This Access Plaintiff Could Not
Possibly be expected To be Aware of These Requirements
And Um Ginter And his officers were well
experienced And Grounded In Past Proceedings
In Their long experience Coneres Regarding
801 And 804 issues And Should have been Aware
Of These Failures In their Refusals individually
And in their official Capacities

<u>26</u> For each Violation of 1st Amendment Rights enumerated In Grievances For Denial OF Library Access I Request 5000°° In Punitive Damages Motivated by evil Intent by Refusing CPS Assistance. $5000°° For each Violation of Refusal oF Law Library Access by each Individual Officer Named In each grievance And each Refusal with Complete Indifference To My First Amendment Rights by Co Hutchco, Medzie, And Sgt. McCoy.

<u>27</u> I Request Punitive Damages Against UM Gister For his Retalitory Intentional Campaign oF Harrassment For denial of Assistance of CPS In his 4-14-25 verbal denial, his 4-15-25 Written denial In Intial Review of Grievance 1142902 oF $5000°° In Punitive damages- For each denial, 25,000°° For his PRC denial of CPS Assistance At First Level Appeal oF 4-18-25. And $75,000°° For his Orchastrated harrossment And Retalitory Actions beginning on 3-24-25 with the Mandatory Report oF PREA Endangerment. His Restrictiow of Confidential Communications between Simmons And my official Capacity As CPS And Return of My CPS Job And Opportunity to to earn CEU° For My State Certifications Necessary To Ensure Future employment which Runs out In 2026 be Granted.

28 And Compensatory damages For All back
wages be granted And Reinstatement In My CP5
Job be Granted For Its Retalitory Removal by
Impermissible Sanction which triggered Further
Removal And Should Never have been taken
In First place And which Never would
have been Taken At Formal hearing If Not
Influenced by OM Ginters Retalitory Action
of Impermissible Sanction of Removal Of
CP5 Job by Evil Retalitory Intent, And
Callous Indifference To My First Amendment
And human Rights In a discriminatory And
evil Violation of Equal Protection And due
Process. Failing to Act And Intentionally And
Retalitoanly Acting throughout OOP, 801, And 804
Proceedings And Allegations And Court Costs
Associated with this Action

29 I Also, Request Allowance to Ammend This
Complaint With Actionable Grievances which Are
Outstanding And Retalitordy Relate) to these
Proceedings when They Are Available For PLRA
Proceedings Requirements

30 That The Court Grants All Punitive And Compensatory
Judgements And That The Court Grants Any other Relief
the Court deem Just, proper And equitable Against each
defendant Jointly And Severally. Thank you.



# pennsylvania
## DEPARTMENT OF CORRECTIONS

MEMO

TO:        Inmate O'Boyle, CA0563
           FA-09

FROM:      David J. Close, Superintendent

DATE:      4/30/25

RE:        Appeal of Misconduct #F239211

I have reviewed your misconduct, your first level appeal, and all supporting documentation. Inmate O'Boyle is appealing the PRC's first-level response to Misconduct #F239211 on the grounds that the procedures employed were contrary to law, Department directives, or regulations, the punishment is disproportionate to the offense, and that the findings of fact were insufficient to support the decision.

I have reviewed the procedures employed in regards to your misconduct. I can find no evidence of any violations of law, Department directives, or regulations. Your sanction falls within the range established by the DC-ADMIN-801. The DC-ADMIN-801 expressly prohibits the advancement of an appeal from an accepted guilty plea on the basis that the findings of fact was insufficient to support the decision.

The actions of the Hearing Examiner and the PRC are sustained.


DJC
c:    Ms. Baum
      CCPM
      Deputies
      HEX
      DC-15
      file

11COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
1920 Technology Parkway
Mechanicsburg, PA 17050

May 29, 2025

OFFICE OF THE
CHIEF HEARING EXAMINER

Joseph O'Boyle CA0563                      ~FA~ 1009
SCI-Houtzdale

Re:    DC-ADM 801 - Final Review
       Misconduct No. F239211

Dear Joseph O'Boyle:

Your appeal of the above-referenced misconduct has been received by this office and accepted for final review.

In accordance with DC-ADM 801, § 5 (C. 6), I have reviewed the entire record of this misconduct. The record reveals you pled guilty at your misconduct hearing. In accordance with DC-ADM 801, you may only appeal that the evidence is contrary to law, policy or regulations or that the sanction is disproportionate to the offense. Review of the record fails to suggest any evidence which is contrary to law, policy or regulations. Further, there is no evidence that the sanction imposed is disproportionate to the offense.

For the above-stated reasons I conclude the issues raised for review do not, as a matter of law, require further action on this misconduct. Your appeal must, therefore, be denied.

Zachary J Moslak
Chief Hearing Examiner
Pennsylvania Department of Corrections

ZJM/srh
cc:    Superintendent Close

*"Our mission is to protect the public by confining persons committed to our custody in safe, secure facilities, and to provide opportunities for inmates to acquire the skills and values necessary to become productive law-abiding citizens; while respecting the rights of crime victims."*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance? Houtzdale Grievance Coordinator
Ms, S. Hwatkousch

2.    What did you claim in your grievance? Denial of Access To Policy, Procedures,
Law, Cases by Denial of Library During Entire 801-804
Filing Period encompasing 4-14-25 - 5-6-25 Begining of Appeal of
801 Procedures Until 5-6-25 Filed Last Level 801 Appeal.

1142902 Uphold Inmate/ CPS Assistance Should have been Atlowed  1144125 Law Library
Access Denied  3.    What was the result, if any? Improperly Upheld Inmate, 4-27-25 Law Library
1143219, 1144133, 1144140 Rejected Because of Inclusion of 1142902 Issue
but The Issue Claimed was Denial of CPS Assistance which was Upheld For
Inmate And These were Seperate Refusals by Different Times of Occurance And
Upheld Inmate Previously, 1144704, 1145056, Uphold Inmate Retaliation, Law Library
Denial

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)
All Grievances Appealed Untsl Finally Decideded

1142902, 1144125, 1143219, 1144133, 1144704, 1145056, 1144140

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here: *Retaliation Due*

*To PREA Allegations Filed Seperately : From Denial of*
*First Amendment Rights of Denial of Requested OPS Assistance*
*And in 804, 804 Orchastrated Claim of Harrassament And Retaliation Denying*
*Access to Law Library, And Policy Restriction, by intentional, evil, knowing, intent.*
*Seperate From 008 Retaliation For Mandatory 008 PREA Report And Threats And*
*Intentional Suppression of Sexual Abuse And Harrassment Information Report*

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any: *@ Informed CE Shick.*

*And Chief PREA Coordinator At 555 Walnut Street*
*Harrisburg, Pa. in June. And Retaliation by CO*
*Lancaste on 6-10-25 PREA Report. To Harrisburg*
*Refered to JCI Houtzdale CE Shick.*

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. *Because of Denial of Law Library Access Relevant Policy*
*Requirement To Ask For All Relevant Relief was Not Available For 804 And*
*Loss of Job For Class 1 Misconduct Not Stated in Inmate Handbook Only Available in*
*Library. Thats Why Library was intentionally denied. UM Ginter Knew And Did Not*
*Correct As Supervisor Since At Least 4-14-25 When First Notified And did Not Correct*

    *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)* *I Am Attaching Only The Main ones The Complete*
*Long Record Including, Initial, Facility Manager, Rejections, Updates, Rewrites All*
*Available*

VIII.    Previous Lawsuits *For All Levels of Every 804 Action Involved Showing Patten*
*of Retaliation And Harrassment*
The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.



# Initial Review Response
SCI Houtzdale
209 Institution Drive
Houtzdale, PA, 16698-1000

04/25/2025 12:16

| Inmate Name: | OBOYLE Jr., JOSEPH | DOC #: | CA0563 |
|---|---|---|---|
| Grievance #: | 1142902 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows;

**Decision:Grievance Denied**

**Response:**

Inmate Oboyle DOC #CA0563 has filed grievance #1142902 claiming that he was on a callout for law library at 1630 hrs. and that Officer Hutcho refused to let him go due to him being on cell restriction stating that he is not approved for library. Oboyle also states that Officer Hutcho refused to allow a CPS help in "Appeal Submission for PRC". He claims that this is stopping him from access to DC-ADM 801 which is necessary for a proper hearing. Lastly he writes that CO Hutcho refused to allow him access as he requested to speak with a supervisor and also refused as per Lt. Vicklund.

First, inmate Oboyle did not state a date that this incident allegedly occurred on therefore this grievance officer cannot substantiate if you were signed up for library or law library nor can this grievance officer substantiate if CO Hutchko was even on shift for the unknown date of this claimed incident. Also, as a former CPS you should know that CPS's are to be utilized for issues pertaining to mental health not to assist in completing a PRC Appeal.

Secondly you are presently on cell restriction which limits your movement throughout the facility. Per memo from former Superintendent Cameron dated 01/06/15, cell restriction is defined as "total confinement to general population cell, dorm area or cubicle, except for meals, showers, one formal religious service per week, commissary, law library and one-hour specified daily exercise period". If you were on a callout for regular library, you would not be permitted to attend. Again, you did not specify a date of this incident therefore this grievance officer cannot identify if you were on a callout.

Lastly you allege that you were refused access to a supervisor. It should be noted that just because you request a supervisor and or a member of management, there is no policy/procedure that directs staff to comply with your request.

This grievance is denied as frivolous. This grievance lacks any arguable basis in law, fact, and/or policy/procedure. You have failed to provide proof that CO Hutchko violated any policy or procedure. No relief is requested therefore no relief is awarded.

☑ **Frivolous:**
This grievance lacks any arguable basis in law, fact, and/or policy/procedure.

RECEIVED
SUPT'S ASST OFFICE
APR 2 8 2025
SCI HOUTZDALE
HOUTZDALE, PA 16698

DC-ADM 804, Inmate Grievance System Procedures Manual

Section 1 - Grievances & Initial Review, Attachment 1-D          Issued: 1/26/2016  Effective: 2/16/2016

CA0563   Grievance #:      1142902

OBOYLE Jr., JOSEPH                                              Page 1 of 2



## Initial Review Response

SCI Houtzdale
209 Institution Drive
Houtzdale, PA, 16698-1000

04/25/2025 12:16

| Signature: | ~~(signature)~~ |
| --- | --- |
| ~~Name:~~ | ~~DC-ADM~~ |
| Title: | *Unit manager* |
| ~~Signature~~ | ~~Signature~~ |
| Date: | 4/25/25 |

cc: Facility Grievance Coordinator
     DC-15

DC-ADM 804, Inmate Grievance System Procedures Manual

Section 1 - Grievances & Initial Review, Attachment 1-D

CA0563    Grievance #:        1142902

OBOYLE Jr., JOSEPH

Issued: 1/26/2016  Effective: 2/16/2016



# Facility Manager's Appeal Response

SCI-Houtzdale
209 Institution Drive
Houtzdale, PA, 16698-1000

05/20/2025 01:12

| Inmate Name: | OBOYLE Jr., JOSEPH | DOC #: | CA0563 |
|---|---|---|---|
| Facility | Houtzdale | Unit Location | F/A |
| Grievance #: | 1142902 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

| Decision:Uphold In Part/Deny In Part |
|---|
| It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought. |

**Response:**

Any issues not raised in your initial grievance will not be addressed in this appeal process. I have reviewed your Grievance, the Initial Review Response, and your Appeal.

In your appeal, you state that the proper forms could not be obtained. You state you did not have a fair and just hearing. You seek your job and purpose in life restored.

The Grievance Officer investigated your grievance. The Grievance Officer states that since you did not provide a date that the incident allegedly occurred, he could not substantiate if you were signed up for library or law library or even if CO Hutchko was on shift on the date of your claimed incident. Cell restriction is defined as "total-confinement to general population cell, dorm area, or cubicle, except for meals, showers, one formal religious service per week, commissary, law library, and one-hour specified daily exercise period." Since you did not provide the required information, nothing definitive of this issue could be substantiated.

You had alleged in the grievance that you requested and were refused access to a supervisor. There is nothing in policy that directs staff to comply with a request that a supervisor and/or a member of management see you, even if you request it.

DC-ADM 801, Section 5.A.4 indicates that "an inmate may seek assistance from a staff member, a CPS, or an inmate in the same population status in the preparation of an appeal." If such request is made, the individual may decline to provide assistance. You indicate in your grievance that Officer Hutchko denied you the opportunity of a CPS to help you with the appeal process. To this end, the grievance/appeal will be upheld in part.

You had also indicated in the grievance that PRC is to discuss pending misconducts/appeals with you because you are designated as SMI. DC-ADM 801, Section 5.A.5 does state this, however, it also states that the SMI inmate who desires to pursue an appeal AND who is housed in a specialized housing unit, ... then PRC shall direct a CPS or an inmate in the same population status to assist with the appeal. This section of policy does not pertain to you. Although you are SMI you were not housed in a specialized unit; you were housed in general population. For this section to be effective, the inmate must be SMI AND be housed in a specialized unit such as DTU, SRTU, etc.

The Initial Review Response is upheld in part as you do have the right to seek the assistance of a staff member, a

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 2 - Appeals, Attachment 2-B**

Issued: 1/26/2016  Effective: 2/16/2016

CA0563    Grievance #:        1142902



# Facility Manager's Appeal Response
SCI Houtzdale
209 Institution Drive
Houtzdale, PA, 16698-1000

05/20/2025 01:12

CPS or an inmate in the same population status in the preparation of an appeal. It is noted that your appeal was filed with PRC on 4/15/25. This grievance is dated 4/18/25 which is after you already filed the appeal. Therefore, there is uncertainty as to why you were seeking a CPS, inmate or staff to assist. All other aspects of the Initial Review Response are upheld, and no relief is due. The frivolous designation is overturned.

☑ **Overturn:**

Based on noted non-prejudicial error in the IRR.

| Signature: | |
|---|---|
| Name | D. Close |
| Title: | Facility Manager |
| Date: | 5-20-25 |

CC: DC-15
File

DC-ADM 804, Inmate Grievance System Procedures Manual

Section 2 - Appeals, Attachment 2-B

CA0563    Grievance #:        1142902

OBOYLE Jr., JOSEPH

Issued: 1/26/2016  Effective: 2/16/2016

Page2 of 2

 **PA**

## Initial Review Response
SCI Houtzdale
209 Institution Drive
Houtzdale, PA, 16698-1000

05/12/2025 10:31

| Inmate Name: | OBOYLE Jr., JOSEPH | DOC #: | CA0563 |
|---|---|---|---|

| Grievance #: | 1145056 | | |
|---|---|---|---|

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows:

**Decision:Uphold Inmate**

**Response:**

The basis of your grievance is you state that on 5/4/2025 at 06:45 am while on cell restriction you informed CO Medzie that you need to go to your call-out for law library at 08:15 am as you are appealing misconduct F239211. You state Officer Medzie refused to send you to law library. You also state that Officer Medzie showed you a paper that said you were not allowed to attend law library. You claim that you asked at 06:45 to allow Officer Medzie time to confirm. You do not list any relief.

I have investigated your grievance. I spoke with Officer Medzie on 5/7/2025. Officer Medzie stated that he did not send you to law library as he believed that you were not allowed to attend law library while on cell restriction. He also stated that by the time he found out that you were allowed it was too late to send you.

I find that your grievance is being upheld. No relief shall be provided as you do not seek any relief for this grievance. This issue will be handled administratively with the officer through the Unit Manager.

| Signature: | | |
|---|---|---|

| Title: | Unit Manager | |
|---|---|---|

| Date: | 5-12-25 | |
|---|---|---|

CC: Facility Grievance Coordinator
DC-15

---

DC-ADM 804, Inmate Grievance System Procedures Manual

Section 1 - Grievances & Initial Review, Attachment 1-D          Issued: 1/26/2016 Effective: 2/16/2016

CA0563    Grievance #:        1145056

OBOYLE Jr., JOSEPH                                                                    Page1 of 1



## Initial Review Response

SCI Houtzdale
209 Institution Drive
Houtzdale, PA, 16698-1000

05/13/2025 09:52

| Inmate Name: | OBOYLE Jr., JOSEPH | DOC #: | CA0563 |
|---|---|---|---|
| ░░░░░░ | ░░░░░░░░ | ░░░░░░░░░ | ░░░░░ |
| Grievance #: | 1144704 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows:

**Decision:Uphold Inmate**

░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░
░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░
░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░

Response:

The basis of your grievance is you state that on 4/30/2025 at 14:25 you were locked in your cell serving cell restriction for misconduct F239211. You state that in an ongoing attempt to access your approved 14:30 listed call out for law library your button was shut off. You claim that you then requested an inmate to inform CO Hutchko that you were on the call out for law library, and you need to access policy, documents and make copies necessary for your current appeal. You claim you were denied access to the law library by CO Hutchko. You claim when you asked CO Hutchko he said no orders from the top. You claim this is retaliation or further denial of rights. For relief you seek access to copies, documents and forms.

I have investigated your grievance. I spoke with CO Hutchko on 5/12/2025. Officer Hutchko stated he did not send you to the law library on 4/30/2025 as he only recently found out he was supposed to. He also stated he did send you to your most recent law library last week.

I find that your grievance is being upheld. Relief has been provided as you have been sent to the law library for access to copies, documents and forms, since you were initially denied. The issue of your not being sent to the law library by Officer Hutchko was handled administratively. No further relief will be provided.

| Signature: | _(signature)_ |
|---|---|
| ░░░░░░ | ░░░░░░ |
| Title: | Un.T Manage~ |
| ░░░░░░ | ░░░░░░ |
| Date: | 5-13-25 |

CC: Facility Grievance Coordinator
: DC-15

---

DC-ADM 804, Inmate Grievance System Procedures Manual

Section 1 - Grievances & Initial Review, Attachment 1-D          Issued: 1/26/2016 Effective: 2/16/2016

CA0563    Grievance #:          1144704



# Facility Manager's Appeal Response

SCI Houtzdale
209 Institution Drive
Houtzdale, PA, 16698-1000

05/19/2025 02:20

| Inmate Name: | OBOYLE Jr., JOSEPH | DOC #: | CA0563 |
| Facility: | Houtzdale | Unit Location: | F/A |
| Grievance #: | 1144125 |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

**Decision:Uphold Inmate**

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

Any issues not raised in your initial grievance will not be addressed in this appeal process. I have reviewed your Grievance, the Initial Review Response, and your Appeal.

You claim that you spoke with Officer Medzie. You indicate that the Officer did not work the three days following the incident. You state the grievance is not frivolous. You also state that if the Grievance Officer would have checked, you were on the law library callout and you have the request approving law library.

The Grievance Officer investigated your grievance. He interviewed both UM Ginter and Officer Medzie. You were on cell restriction on the date in question. Cell restriction is total confinement except for ...law library. As you were still on cell restriction on 4/27/25, you would not have been afforded the opportunity to attend general library. You state that Officer Medzie could not have spoken with the Grievance Officer as he did not work the three days following your grievance. This statement is unfounded as the Officer did, in fact, work on 4/29/25. Officer Medzie believed that you were on the general library call out; therefore, he did not allow you to go to the library since you were on cell restriction. I was able to confirm that you were on the law library callout for 4/27/25; therefore, Officer Medzie was mistaken.

I will uphold your grievance and overturn the frivolous designation. I will copy your Unit Manager for the purpose of his handling this matter administratively. No further relief is granted.

☑ **Overturn:**
Error on the part of staff.

**Signature:**

| Name: | D. Close |
| Title: | Facility Manager |
| Date: | 5/16/25 |



# Rejection Form
SCI Houtzdale
209 Institution Drive
Houtzdale, PA, 16698-1000

04/22/2025 09:07

| Inmate Name: | OBOYLE Jr., JOSEPH | DOC #: | CA0563 |
| Facility: | Houtzdale | Unit Location: | E-A |
| Grievance #: | 1143219 | | |

This serves to acknowledge receipt of your grievance to this office. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", I have reviewed all documents provided as part of the grievance. Upon consideration of the grievance, it is the decision of this office to reject your grievance due to a failure to comply with the provisions of the DC-ADM 804, as specified below:

**Rationale:**
- The grievance was not submitted within fifteen (15) working days after the events upon which claims are based.
- The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and/or addressed. Prior 1142902.

**Response:**
Some of the issues set forth in this grievance are already under review under Grievance 1142902. You state the issues occurred 3/14/25 and 3/18/25 and the grievance was not received until 4/22/25 which is beyond the 15 working day period you had to file a grievance on the matter.

| Signature: | |
| Name: | S. Hnatkovich |
| Title: | Facility Grievance Coordinator |
| Date: | |

cc: Facility Grievance Coordinator
DC-15

DC-ADM 804, Inmate Grievance System Procedures Manual

Section 1 - Grievances & Initial Review, Attachment 1-C          Issued: 1/26/2016 Effective: 2/16/2016

CA0563    Grievance #:        1143219

OBOYLE Jr., JOSEPH                                                      Page 1 of 1

2025

# FINAL REVIEW EXTENSION
## Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

In accordance with the provisions of DC-ADM 804, Inmate Grievance System policy, this notification either responds to your recent communication expressing an interest in extending the established timeline for submitting the below noted grievance (or appeal), or provides notice that staff requires an extension for responding to your grievance.

| Inmate Name: | Joseph O'Boyle Jr. | Inmate Number: | CA0563 |
|---|---|---|---|
| SCI Filed at: | Houtzdale | Current SCI | Houtzdale |
| Grievance #: | 1142902, 1143219 | | |

**Action:**

| | |
|---|---|
| X | **Inmate Request Denied** – Your request for an extension of time to file a grievance or an appeal has been denied. |
| | **Inmate Request Approved** – Your request for an extension of time to file a grievance or an appeal has been approved. You have been granted 10 additional working days to submit your grievance (or appeal). |
| | **Notice of Staff Extension** – This serves as written notification that an extension is necessary in order to appropriately investigate and respond to your grievance (or appeal). Staff has been authorized to extend the response time by 10 additional working days. |
| | **Notice of Investigation** – This serves as written notification that an extension is necessary in order to appropriately investigate and respond to your allegations of abuse. Staff has been authorized to extend the response time in accordance with DC ADM 001. |

**Comments:**

This is in response to your request for an extension, dated 06/20/25, to appeal the above listed grievance number to this office for final review. It is your responsibility to budget your funds according to your needs. Therefore, your request is denied.

| Signature: | Keri Moore *KM* |
|---|---|
| Title: | Chief Grievance Officer |
| Date: | 07/11/25 |

KLM/TAK

cc:    DC-15/Superintendent – HOU
         Grievance Office



06/27/2025 10:13

# Final Appeal Decision Dismissal

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

| Inmate Name: | OBOYLE Jr., JOSEPH | DOC #: | CA0563 |
|---|---|---|---|
| SCI Filed: | Houtzdale | Current SCI: | Houtzdale |
| Grievance #: | 1144133 | | |

This serves to acknowledge receipt of your appeal to final review for the grievance identified above. In accordance with the provisions of DC-ADM 804, Inmate Grievance System Policy, this Office has reviewed all documents provided as part of the grievance record. Upon consideration of the entire record, it is the decision of this office to dismiss your appeal to final review due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

**Decision: Dismiss**

Your grievance was properly rejected at the facility level for the reason(s) outlined below.

**Rationale:**

- Grievances related to Inmate Discipline/Misconduct Procedures shall be handled according to Policy DC-ADM 801 and shall not be reviewed by the Facility Grievance Coordinator.
- The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and addressed. Prior Grievance #: 1142902.
- Grievance disputes previous grievances, appeal decisions, or staff members who rendered those decisions.
- The grievance was not signed and/or dated with correct commitment name, number, contained UCC references or was not presented in proper format.

**Response:**

The findings of the Grievance Coordinator are upheld.

| Signature: | *Keri Moore* |
|---|---|
| Name: | K. Moore |
| Title: | Chief Grievance Officer |
| Date: | 06/27/25 |

cc:  DC-15/Superintendent - Houtzdale
     Grievance Office



# Final Appeal Decision Dismissal

### Secretary's Office of Inmate Grievances & Appeals
### Pennsylvania Department of Corrections
### 1920 Technology Parkway
### Mechanicsburg, PA 17050

07/09/2025 09:19

| Inmate Name: | OBOYLE Jr., JOSEPH | DOC #: | CA0563 |
|---|---|---|---|
| SCI Filed: | Houtzdale | Current SCI: | Houtzdale |
| Grievance #: | 1144140 | | |

This serves to acknowledge receipt of your appeal to final review for the grievance identified above. In accordance with the provisions of DC-ADM 804, Inmate Grievance System Policy, this Office has reviewed all documents provided as part of the grievance record. Upon consideration of the entire record, it is the decision of this office to dismiss your appeal to final review due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

**Decision: Dismiss**

Your grievance was properly rejected at the facility level for the reason(s) outlined below:

**Rationale:**

- The grievance was not signed and/or dated with correct commitment name, number, contained UCC references, or was not presented in proper format.
- Grievance disputes previous grievances, appeal decisions, or staff members who rendered those decisions.
- The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and addressed. Prior Grievance # 1142902.
- Grievances based upon different events must be presented separately.

**Response:**

The Grievance Coordinator's determination is upheld.

| | |
|---|---|
| Signature: | *Keri Moore* |
| Name: | K. Moore |
| Title: | Chief Grievance Officer |
| Date: | 07/09/25 |

cc:   DC-15/Superintendent - Houtzdale
      Grievance Office

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

Section 2 - Appeals, Attachment 2-G                              Issued: 1/26/2016  Effective: 2/16/2016

CA0563    Grievance #:        1144140

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit
   Plaintiff(s) _____
   Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*
   _____

3.    Docket or index number
   _____

4.    Name of Judge assigned to your case
   _____

5.    Approximate date of filing lawsuit
   _____

6.    Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
   _____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        8-20-25

Signature of Plaintiff        _Jph. J. O'Byle, J._

Printed Name of Plaintiff        _Joseph J. O'Boyle, Jr._

Prison Identification #        _CA 0563_

Prison Address        _209 Institution Drive  SCC Houtzdale_

_Houtzdale_            _PA_            _16898_
City            State            Zip Code

### B.    For Attorneys

Date of signing:        _____

Signature of Attorney        _____

Printed Name of Attorney        _____

Bar Number        _____

Name of Law Firm        _____

Address        _____

_____
City            State            Zip Code

Telephone Number        _____

E-mail Address        _____

Joseph J. O'Boyle, Sr   CA0563
SCI Houtzdale
209 Industrial Drive
Houtzdale, PA  16698-1000


Dear Clerk of Courts:

Hope My Pro-Se 1983 Complaint answer of Summons And Process Recpt Are Completed in Compliance with Local Rules. Please Find A Motion For Appointment of Counsel And In Forma Pauperis Application.

I Am Inexperienced In this Manner. Indigent. I have Complete Copies of Complaint For Defendants Judge And Attorney General 6-Copies And one For Myself.

All 4 Defendants Work here And Come In daily. I Only Make .72¢ A day And Postage is A Problem. This lawsuit is Priority One,

Is it Possible I can Serve these Papers And Copies of Summons And Waiver Personally or By Staff Representative Such As Counselor or Other Staff Member All 4 Defendants Are here daily. Please Advise I Don't Understand Service. I Want To Comply Fully

Thanks
Joseph O'Boyle
8-20-25